THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD WHITAKER,

               Petitioner,

    v.

DONALD HOLBROOK,

               Respondent.

CASE NO. C19-1167-JCC

ORDER

     This matter comes before the Court on Petitioner Richard Whitaker's Rule 60(b)(6) motion for relief from a final judgment (Dkt. No. 28). Having thoroughly considered the motion and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

     In 2016, Petitioner Richard Whitaker was convicted in King County Superior Court of second degree murder while armed with a firearm. (Dkt. No. 16-1.) After the Washington Court of Appeals affirmed his conviction and the Washington Supreme Court denied review, he challenged his conviction in this Court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 12.) In that petition, he argued that (1) the trial court's answer to a jury question arising during deliberations was misleading and (2) trial counsel was ineffective for failing to object to the misleading response. (*Id.* at 6, 10.) The Honorable Mary Alice Theiler, United States Magistrate Judge, recommended the Court deny Mr. Whitaker's petition because the state court's adjudication of Mr. Whitaker's claims was not contrary to, or an unreasonable

1   application of, clearly established federal law. (*See generally* Dkt. No. 17.) Mr. Whitaker did not

2   file objections, and the Court adopted the report and recommendation ("R&R"), dismissing Mr.

3   Whitaker's petition with prejudice and entering judgment. (Dkt. Nos. 18, 19.) Mr. Whitaker filed

4   a notice of appeal (Dkt. No. 20) and untimely objections to the R&R (Dkt. No. 25), but the Ninth

5   Circuit denied his request for a certificate of appealability (Dkt. No. 29). Pursuant to Rule

6   60(b)(6), Mr. Whitaker now asks the Court for relief from the dismissal of his petition because

7   he contends that he timely prepared his objections to the R&R, but that his documents were lost

8   in the prison mail system until after the Court entered judgment. (Dkt. No. 28.)

9         Rule 60(b)(6) allows a court to relieve a party from a final judgment or order for any

10   reason that justifies relief. "A party moving for relief under Rule 60(b)(6) 'must demonstrate

11   both injury and circumstances beyond his control that prevented him from proceeding with the

12   action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting

13   *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth

14   Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to

15   prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented

16   a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting

17   *Latshaw*, 452 F.3d at 1103). The Court finds that the type of extraordinary circumstances

18   warranting relief under Rule 60(b)(6) are not present here. Mr. Whitaker is not at risk of any

19   injustice because vacating the Court's judgment would not change the outcome of the case. At

20   the time of its order, the Court thoroughly reviewed Judge Theiler's R&R and the relevant record

21   and determined that Judge Theiler's reasoning was sound. The Court has now also reviewed Mr.

22   Whitaker's objections (Dkt. No. 25). They primarily reiterate the arguments he made in his

23   petition and do not demonstrate any error in the Court's judgment.

24         Accordingly, Mr. Whitaker's motion (Dkt. No. 28) is DENIED.

25   //

26   //

1     DATED this 26th day of February 2021.

2

3

4                                           John C. Coughenour

5                                         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C19-1167-JCC
PAGE - 3